*In re* SYNOD.

Contempt—Changed Conditions—Recording Copy of Decree.

Where decree requiring defendants to quitclaim their interest as vendees in certain property provided for recording certified copy thereof in event quitclaim deed was not executed and delivered, and a copy was so recorded, and thereafter defendants acquired the fee of said property, they may not be adjudged guilty of contempt for refusing, two years later, to quitclaim their interest, in absence of showing of consideration paid by them, or that contract price had been fully paid when decree was entered, or that they had resorted to subterfuge to evade court's decree.

Certiorari to Wayne; Sharp (L. Eugene), J. Submitted January 21, 1930. (Docket No. 26, Calendar No. 34,364.) Decided March 6, 1930.

Contempt proceedings by Frank D. Hughes against Mike and Anna Synod for failure to make a quitclaim deed. Defendants review by certiorari order holding them in contempt. Order vacated.

*Robert M. Dalton* (*Edmund E. Shepherd,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendants.

North, J. Mr. and Mrs. Synod were adjudged guilty of contempt in the circuit court of Wayne county, and have brought the proceedings here for review by certiorari.

April 30, 1919, the Henry S. Koppin Company entered into a contract for the sale of a parcel of

land in the city of Detroit to Mike Synod and Anna Synod, his wife. On February 8, 1922, they assigned their interest as vendees in this contract to Dan Ruian and wife. Mr. and Mrs. Ruian in turn, on the 17th of February, 1922, gave a subcontract to Frank D. Hughes, who later filed a bill in chancery against the Synods and the Ruians, in which bill he sought to establish and confirm the validity of the assignment from the Synods to the Ruians and also to secure other relief. Mr. Hughes was successful in that litigation, and on June 28, 1924, the circuit court adjudged and decreed as follows:

"1. The assignment of the land contract executed by the defendants, Mike Synod and Anna Synod, his wife, on the 8th day of February, 1922, is hereby decreed to be binding upon them and that by virtue of said assignment, the land contract dated February 17th, 1922, all the right, title and interest of the defendants, Mike Synod and Anna Synod, his wife, Dan Ruian and Forsina Ruian, his wife, are vested in the plaintiff, Frank D. Hughes, *with full power and authority to receive the deed provided in the land contract of April 30th, 1919.*

"2. The defendants, Mike Synod and Anna Synod, his wife, Dan Ruian and Forsina Ruian, his wife, do forthwith execute and deliver to the plaintiff, Frank D. Hughes, a quitclaim deed conveying to the said plaintiff all their right, title and interest in and to the property described as," etc.

The decree also contained the usual provision for filing or recording a certified copy in the event the defendants failed to execute and deliver a quitclaim deed to the plaintiff. Such a certified copy was recorded with the register of deeds of Wayne county August 16, 1924. On June 10, 1926, which was nearly two years after the decree was taken, Mr. and Mrs. Synod obtained a deed of this property

from the grantee of the original vendor, hereinafter called the vendor. In February, 1929, Mr. Hughes caused a quitclaim deed of these premises to be prepared and presented to Mr. and Mrs. Synod with a demand that they execute the same. This they refused to do. Because of such refusal contempt proceedings were instituted, in which it was urged by Mr. Hughes that by taking a deed of the property involved from the vendor in the original contract, Mr. and Mrs. Synod had disregarded and in effect had nullified the court's decree. As noted above, that decree "vested" Mr. Hughes with "full power and authority to receive the deed" from the original vendor; and also ordered Mr. and Mrs. Synod to "forthwith execute and deliver" to Mr. Hughes a quitclaim deed of "all their right, title and interest" in the property covered by the land contract.

In reviewing their conviction of being in contempt, Mr. and Mrs. Synod urge that the decree was fully performed and given effect by the act of Mr. Hughes in causing a certified copy to be recorded, and hence a further or duplicate performance by giving a quitclaim deed could not be required, and their refusal so to do was not contempt of court. We are not much impressed with this claim as a defense; but we refrain from giving it detailed consideration because of a more patent reason for vacating the contempt order.

Synod and wife were decreed to give a quitclaim of "all their right, title and interest" to this property on June 27, 1924. At that time their only claim of an interest in the property was that of vendees under a land contract. The court found they then had no interest whatever. But nearly two years later (June 10, 1926) through some transaction with the vendor, the details of which are not in this rec-

ord, Mr. and Mrs. Synod secured a conveyance by deed of the fee of this property. How large or how small a consideration they gave for this after-acquired title is not disclosed. They did not possess it at the time the final decree was entered. In fact, a fair inference from the figures found in the decree is that there then remained unpaid on the original contract price of this property something in excess of $4,000. The rights in this property which Mr. and Mrs. Synod acquired in June, 1926, were not involved or adjudicated in any way at the time this case was heard on the merits; and clearly the Synods should not now be compelled by contempt proceedings to transfer to Mr. Hughes the property rights thus acquired.

We have not overlooked the recital in the decree that Mr. Hughes was "vested    *    *    *    with full power and authority to receive the deed provided in the land contract;" but the vendor in the contract was not a party to the suit, and was in no way bound by this provision in the decree, which at most can only be fairly construed to mean that Hughes would be entitled to have the deed to the property when the contract price was paid. We would not be justified in concluding from the indefinite recital in the decree above quoted that the contract price had then been fully paid. On the contrary, as noted, such appears not to have been the fact. Further, that question could not have been definitely adjudicated without the vendor having been made a party to the suit. If it appeared in this record that at the time Mr. Hughes took his decree against the Synods, the contract price had already been fully paid to the vendor, there would then be force in the contention here made by Mr. Hughes, which is that Mr. and Mrs. Synod should not be permitted by their subsequent

acts to nullify the decree entered against them or obstruct its execution. By subsequently taking a deed of this property under such conditions, they might well be held in contempt because of having resorted to a subterfuge for the purpose of evading the court's decree (6 R. C. L. p. 503); but the adjudication of contempt cannot be sustained on that theory because the essential facts do not appear in this record.

The order of the lower court finding the respondents guilty of contempt is vacated, and they will have costs of this court against the petitioner, Frank D. Hughes.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and FEAD, JJ., concurred. McDONALD, J., did not sit.